# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAMON PIZARRO, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CUBESMART,<br><br>    Defendant. | Case No. CV 14-5106 FMO (PLAx)<br><br>**ORDER REMANDING ACTION** |

On May 30, 2014, Ramon Pizarro ("plaintiff"), on behalf of himself and others similarly situated, filed a Complaint in the Superior Court of the State of California for the County of Los Angeles against CubeSmart ("defendant").  (See Notice of Removal ("NOR") at Exhibit 2 ("Complaint")).  On July 1, 2014, defendant removed the action on federal question jurisdiction grounds pursuant to 28 U.S.C. §§ 1331[1] and 1441(a).[2]  (See NOR at ¶ 1).  Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction.

---

[1] Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

[2] Title 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

See 28 U.S.C. § 1447(c).[3]

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006). Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted).

Federal subject matter jurisdiction may be established on two grounds: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a).

A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the

---

[3] Title 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Snell, 316 F.3d at 826; Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

Defendant removed the instant action on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (See NOR at ¶ 1). Removal pursuant to § 1331 "is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2424, 2429 (1987).

Here, the court's review of the Notice of Removal and Complaint makes clear that there is no basis for federal question jurisdiction, (see, generally, NOR & Complaint), as the Complaint contains only state law causes of action for violations of (1) the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, et seq.; (2) the California Disabled Persons Act ("CDPA"), Cal. Civ. Code §§ 54, et seq.; and (3) California Civil Code §§ 55, et seq. (See Complaint at ¶¶ 41-67). The Complaint discloses no federal statutory or constitutional question. (See, generally, id.); see also Taylor v. Anderson, 234 U.S. 74, 75, 34 S.Ct. 724, 724 (1914) (federal question jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration[.]").

Defendant's argument that, "despite the absence of a specific cause of action for violation of the Americans with Disabilities Act" ("ADA"), plaintiff's state law causes of action are "premised upon and therefore arise[] under violations of the [ADA]," (NOR at ¶¶ 10-11), lacks merit. Although

the Complaint alleges that defendant's storage facilities violate numerous provisions of the ADA Accessibility Guidelines ("ADAAG"), (see Complaint at ¶ 36), and that ADA violations constitute violations of the CDPA and the Unruh Act, (see id. at ¶ ¶ 6, 8, 25, 37-39, 44-45, 48 & 59), "[f]ederal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim." Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (affirming dismissal of plaintiff's CDPA cause of action because it "does not arise under federal law even though it is premised on a violation of federal law," i.e., the ADA); see Pickern v. Best W. Timber Cove Lodge Marina Resort, 194 F.Supp.2d 1128, 1131 (E.D. Cal. 2002) ("The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction."); Jackson v. Yoshinoya Am. Inc., 2013 WL 865596, *3 (C.D. Cal. 2013) (no federal question removal jurisdiction established where plaintiff "bases his causes of action solely on state law" even though "violations described in the complaint may also be ADA violations[,] and proving [an ADA] violation would suffice to obtain relief under California law"); Louie v. Hilton, 39900 Balentine Drive, Newark, CA, 2007 WL 878556, *1 (N.D. Cal. 2007) (ordering remand where plaintiff's claims based on violations of California Building Code and ADA); see also Jairath v. Dyer, 154 F.3d 1280, 1282 & 1284 (11th Cir. 1998) (district court erred in denying remand motion where, though ADA "create[d] the duty" plaintiff alleged defendant violated, federal law did not create plaintiff's state law cause of action).

      In short, plaintiff could not have brought this action in federal court, in that the Complaint discloses no claim arising under federal law. (See, generally, Complaint); see Taylor, 234 U.S. at 75-76, 34 S.Ct. at 724; see, e.g., Carpenter v. Wu, 2008 WL 4534270, *2 (C.D. Cal. 2008) (after dismissal of plaintiff's ADA claim, no subject matter jurisdiction existed over plaintiff's California state law disability discrimination claims); Glover v. Borelli's Pizza, Inc., 886 F.Supp.2d 1200, 1202 (S.D. Cal. 2012) (same). Therefore removal was improper. See 28 U.S.C. §§ 1441(a); Caterpillar, 482 U.S. at 392, 107 S.Ct. at 2429 ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted); see, e.g., Jackson, 2013 WL 865596, at *1 & *5 (remanding CDPA and Unruh Act claims); Louie, 2007 WL 878556, at *1 (same).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 11th day of July, 2014.

/s/
Fernando M. Olguin
United States District Judge

5